Dear Representative Claunch,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following questions:
1. Under what circumstances and by what procedures may a countysell or transfer tools, apparatus, machinery or equipmentbelonging to the county to a State agency or politicalsubdivision of the State located outside the county?
2. When a sale of tools, apparatus, machinery or equipment ismade pursuant to 19 O.S. 1991, § 421.1[19-421.1], may the sale besupported by nominal consideration or must the county receiveadequate consideration?
¶ 1 As was pointed out in Opinion 97-105, the Legislature has specifically provided, in Section 421.2 of Title 19, procedures for the transfer of county property to a political subdivision within the same county. For a transfer to be made to a political subdivision not within the county, however, the procedures found in Section 421.1 must be followed.
¶ 2 Section 421.1 of Title 19 provides the procedures by which a county may dispose of certain property. Subsection A of Section 421.1 allows a county to use tools, apparatus, machinery or equipment with an original cost exceeding Two Hundred Fifty Dollars ($250.00) as a trade-in on the purchase of other tools, apparatus, machinery or equipment. Subsection B of Section 421.1 provides the procedures for a sale of county property having an original cost exceeding Two Hundred Fifty Dollars ($250.00) and states:
 The following procedures shall be used for the sale, by the board of county commissioners, of any tools, apparatus, machinery or equipment, the original cost of which exceeded Two Hundred Fifty Dollars ($250.00), belonging to the county:
 1. The board of county commissioners shall give notice of such sale by publication in a newspaper of general paid circulation in the county for two (2) successive weekly issues;
 2. Bids for such tools, apparatus, machinery or equipment on sale shall be in writing, sealed and delivered to the county clerk of such county;
 3. At the next regular meeting of the board of county commissioners after the expiration of fifteen (15) days from the date of first publication of notice of the sale, the board of county commissioners shall open such bids and award such tools, apparatus, machinery or equipment to the highest and best bidder with the option of rejecting all bids; and
 4. The board of county commissioners may hold a public auction in lieu of advertising for sealed bids as provided above. Such auction shall be advertised as provided herein.
19 O.S. 1991, § 421.1[19-421.1](B).
¶ 3 Section 421.1 provides for a "sale" by the Board of County Commissioners either through a sealed bid procedure or, in lieu thereof, a public auction. The law provides no other method by which a county may sell tools, apparatus, machinery or equipment.
¶ 4 You have asked this Office to determine under what circumstances a county, acting through its Board of County Commissioners, has the authority to sell property to a political subdivision not located within the county. You also seek an opinion as to the consideration required to support such a sale. As was pointed out in Opinion 97-105, one of the powers granted counties is the authority to "purchase and hold real and personal estate for the use of the county." 19 O.S. 1991, § 1[19-1](2). Subsection 6 of 19 O.S. 1991, § 1[19-1] allows a county to "exercise such other and further powers as may be especially provided for by law." Subsection C of 19 O.S. 1991, § 421.1[19-421.1] provides:
 A board of county commissioners may sell any materials, tools, apparatus, machinery or equipment to a state agency, if the agency is subject to the Oklahoma Central Purchasing Act, or to a political subdivision of the state if the political subdivision is subject to such act or a similar competitive bidding procedure. The board of county commissioners may purchase materials, tools, apparatus, machinery or equipment from a state agency, if the agency is subject to the Oklahoma Central Purchasing Act, or from a political subdivision of the state if the political subdivision is subject to such act or a similar competitive bidding procedure.
19 O.S. 1991, § 421.1[19-421.1](C)
¶ 5 Subsection B limits sales to those made through a sealed bid procedure or, in lieu thereof, a public auction. Subsection B does not grant a county authority to waive the requirement that a sale be by sealed bid or public auction when selling to another political subdivision.
¶ 6 There is no provision in Section 421.1, nor other laws, which allows a sale by a county using any means other than sealed bid or public auction.
¶ 7 Section 421.1, by providing procedures for sale by public auction or sealed bid, mandates a competitive process to ensure that adequate consideration is received. Whether effectuated by sealed bid or public auction the statute contemplates that a sale will be made to the highest bidder.
¶ 8 When a sale is effectuated through a competitive process the worth or value of the property is established by the highest bid. When a county sells its property using the procedures found in 19 O.S. 1991, § 421.1[19-421.1], it has, therefore, obtained the market value for the property and received adequate consideration.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. When a county sells or transfers tools, apparatus, machineryor equipment belonging to the county to a State agency orpolitical subdivision of the State not located within thatcounty, the sale must be made pursuant to the procedures foundat 19 O.S. 1991, § 421.1(B) which require the use of sealedbid or public auction.
2. When a sale of tools, apparatus, machinery or equipment ismade pursuant to 19 O.S. 1991, § 421.1[19-421.1] the sale must be foradequate consideration. When the sale is made pursuant to theprocedures found at 19 O.S. 1991, § 421.1[19-421.1], providing forsealed bid or public auction, the presumption is that the countyhas received the worth of the property by free and faircompetition among bidders and, therefore, received adequateconsideration.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL